UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDULLAH BROWN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-05-1657 |
| | : | |
| TROY WILLIAMSON, | : | (Judge McClure) |
| | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

August  17, 2005

## Background

Abdullah Brown, an inmate presently confined at the Allenwood Federal
Correctional Center, White Deer, Pennsylvania ("FCC-Allenwood"), initiated this
pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  USP-
Allenwood Warden Troy Williamson is named as sole Respondent.  The petition is
accompanied by a request to proceed in forma pauperis.

According to documents attached to the petition, Brown is presently serving
a 240 month term of incarceration which was imposed on March 30, 2000.
Petitioner correctly notes that since he has been sentenced to a term of

1

imprisonment which exceeds one (1) year, he is eligible for an award of good conduct time (GCT) under 18 U.S.C. § 3624(b).  Brown alleges that pursuant to § 3624(b), the Federal Bureau of Prisons ("BOP") should "calculate an inmate's good conduct time on the basis of the inmate sentence rather than on the time the inmate has actually served."  Record document no. 1, p. 1.

His petition claims that he should be entitled to fifty-four (54) days of GCT for every year of the actual sentence imposed.  However, as a result of the BOP's erroneous calculation method of awarding GCT based on the amount of time actually served, Brown asserts that he will have to serve "17.5 years out of 20 years" as opposed to "17 years of 20 years."  Id.  at Attachment, p. 2.   Petitioner is apparently alleging that the present method employed by the BOP is unconstitutional.  Brown also indicates that his available administrative remedies have been exhausted.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4

provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."

Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).

Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

18 U.S.C. § 3624(b) provides:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28 which states that 54 days of GCT may be earned for each full year served on a sentence in excess of 1 year with the GCT being prorated for the last partial year. The BOP then subtracts 54 days of GCT from the remainder of the term to be served, not from the year already served.  Pursuant to this method of calculation,

GCT is awarded only after it is earned by a prisoner.

It is initially noted that it is the BOP, not courts, which determines whether federal inmates should receive good time credits.  United States v. Evans, 1 F.3d 654 (7th Cir. 1993).  A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

In support of his miscalculation argument, Petitioner relies upon Moreland v. Bureau of Prisons, 363 F. Supp.2d 882 (S.D. Tex.  2005), wherein the Southern District of Texas ruled that the BOP's GCT calculation method was invalid.  The district court added that computation of GCT should be based on a prisoner's sentence rather than the amount of time he has served.  However, a decision by the Fifth Circuit Court of Appeals reached a contrary conclusion, holding that the BOP's "reasonable interpretation of the statute which awards credit for each year served in prison rather than each year of the sentence imposed" was reasonable and entitled to deference.  Sample v. Morrison, 406 F.3d 310, 313, n. 2  (5th Cir. 2005).  Consequently, Petitioner's reliance on the Moreland decision is not

4

compelling.[1]

At least four other Judges of this district have reached contrary conclusions.  In Baldwin v. Angeline, No. 3:CV-03-1144, slip op. at 13 (M.D. Pa. Jan. 28, 2004)(Caputo, J.), Judge Caputo of this Court citing Pacheco-Camancho v. Hood, 272 F. 3d 1266 (9th 2001), cert. denied, 535 U.S. 1105 (2002), concluded that "the BOP's interpretation is a reasonable interpretation of 28 U.S.C. § 3624(b)."  Chief Judge Vanaskie and Judges Jones and Conaboy of this Court reached similar determinations.  See Hill v. Nash, No. 3:CV-02-1022, slip op. at 3 (M.D. Pa. Jan. 30, 2003)(Vanaskie, C.J.), aff'd, No. 03-1392, slip op. (3d Cir. Aug. 29, 2003)(per curiam); Lopez v. Williamson, Civil No. 4:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004)(Jones, J.); Robinson v. Nash, Civil No. 3:CV-0 4-1585, slip op. (M.D. Pa. Nov. 8, 2004)(Conaboy, J.).

In Elejalde v. Apker, Civil No. 4:CV-04-2665 slip op. (M.D. Pa. Dec. 15, 2004), this Court concurred with the approach taken by Judges Vanaskie, Conaboy, Caputo and Jones and held "that the BOP's interpretation of § 3624(b) is 'based on a permissible construction of the statute.'"  Id. at p. 6 (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837, 843 (1984)).

--------

[1] Since Moreland was sentenced in 1990 and Brown was sentenced in 2000, after the BOP issued the challenged Program Statement, the present case is distinguishable from Moreland.

Recently, the United States Court of Appeals for the Third Circuit addressed this same issue and likewise concluded that there was no basis for federal habeas corpus relief.  See O'Donald v. Johns, 402 F.3d 172, 174  (3d Cir. 2005).  Based on an application of Third Circuit's recent decision in O'Donald and the prior decisions cited above to the present petition, there is no basis for an award of federal habeas corpus relief.  It remains the conclusion of this Court that the BOP's method of computing GCT is neither arbitrary, capricious nor manifestly contrary to the statute.  See Firstland Int'l v. INS, 377 F.3d 127, 131 (2d Cir. 2004).  Consequently,

**IT IS HEREBY ORDERED THAT:**

1.  Petitioner is granted temporary leave to proceed in forma pauperis for the sole purpose of filing this action.

2.  The petition for writ of habeas corpus is denied.

3.  The Clerk of Court is directed to close the case.

4.  Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.


s/James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge